**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sascha Arcos,<br>Individually, and on behalf of all others similarly situated,<br><br>                                 Plaintiff,<br><br>     -v-<br><br>Calvin Klein Inc.,<br><br>                      Defendant. | **Civ. Action #:**<br><br>**Complaint**<br>**(Collective and Class Action)**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Sascha Arcos, ("Plaintiff" or "Arcos"), on behalf of herself and all others similarly situated, by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant Calvin Klein Inc. ("CK" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid overtime wages for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate; and (ii) are entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for such hours over forty in a week; and (ii) are entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 USC § 216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

7. Plaintiff is an adult, over eighteen years old who currently resides in Kings County in the State of New York.

8. Upon information and belief, Defendant Calvin Klein Inc. ("CK" or "Defendant") was a New York for-profit corporation with a place of business located at 501 7th Avenue, 13th Floor, New York, NY 10018, where Plaintiff was employed.

## STATEMENT OF FACTS

9. Upon information and belief, and at all times relevant herein, Defendant was engaged in the clothing and apparel business across the United States and internationally. See https://www.pvh.com/ and http://www.calvinklein.us.

10. Upon information and belief and at all times relevant herein, Defendant employed hundreds of employees including workers like Plaintiff at any given time and hundreds or thousands of

2                                    2

employees during the class period.

11. At all times relevant herein, Defendant paid Plaintiff's wages and made applicable employment deductions including income and FICA taxes.

12. At all times relevant herein, Defendant issues Plaintiff an IRS W-2 form at the end of each year of employment with Defendant.

13. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL § 191, performing a variety of functions for Defendant including cleaning and organizing closets, lifting boxes, packing and unpacking garments, data entry, answering phones etc.

14. Upon information and belief, Plaintiff was employed by Defendant from on or about June 13, 2012 until on or about August 11, 2017.

15. Upon information and belief, and at all times relevant herein, Plaintiff was paid at a regular rate of about $26 an hour.

16. At all times relevant herein, Plaintiff was not paid at a rate of 1.5 times her regular rate for overtime hours worked (hours over 40 in a week). For example, for the weekly pay period ending April 9, 2017, Plaintiff worked at least 45.25 hours and was paid at a regular rate of $26.76 an hour for 40 hours and for the remaining 5.25 overtime hours, Plaintiff was paid at a rate of $20.70 an hour instead of the required rate of about $40.14 an hour – the amount of $936.87 was intended to cover up to 40 hours of work as also reflected in the pay stub for this pay period. This example is reflective of Defendant's payment pattern and practice with respect to Plaintiff and the class.

17. At all times relevant herein, Defendant had a policy and practice of deducting an hour for "lunch break" each day even though Plaintiff never took the entire hour for "lunch" and was not completely free during the "lunch break," within the meaning of the FLSA and NYLL. In other words, Plaintiff was not compensated for all hours and overtime hours worked.

3                                   3

18. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 41-47.5 hours a week for Defendant and likely more, 5 days a week and sometimes more.

19. A more precise statement of the hours and wages will be made when Plaintiff Arcos obtains the wage and time records Defendant was required to keep under the FLSA. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211 and 29 CFR 516.

20. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

21. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

22. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of general items such as materials, equipment and supplies.

23. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

24. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

25. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

27. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular

4                                        4

rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

28. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

29. The violations described and complained of herein as to Plaintiff, also apply to the putative class members.

30. At all times relevant herein, Defendant did not provide Plaintiff and the putative class with the notice(s) required by NYLL 195(1).

31. At all times relevant herein, Defendant did not provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3) – all wage statements provided to Plaintiff and the putative class did not accurately reflect Plaintiff's hourly rate and overtime rates, among other deficiencies.

32. Upon information and belief, and at all times relevant herein, Defendant had tens of millions of dollars in annual revenues and/or business volume.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

34. Plaintiff alleges on behalf of herself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

36. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

37. The class of similarly situated individuals as to the FLSA overtime cause of action is defined as current and former employees of Defendant, and who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

38. The class includes but is not limited to current and former employees of Defendant who were paid the incorrect overtime rate and/or who were not paid for all overtime hours worked as set forth above and herein.

39. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds or thousands of members of the class during the class period. See https://www.pvh.com/ and http://www.calvinklein.us.

40. The class definition will be refined as is necessary, including after discovery if necessary.

41. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

42. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

43. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

44. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less

6                                          6

pg

than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

45. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)**

46. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

**CLASS ALLEGATIONS**

47. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

48. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendant, and who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

49. The class includes but is not limited to current and former employees of Defendant who were paid the incorrect overtime rate and/or who were not paid for all overtime hours worked as set forth above and herein.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are hundreds of members of the class during the class period.

52. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

53. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

54. Upon information and belief, the claims of the representative party are typical of the claims of the class.

55. The representative party will fairly and adequately protect the interests of the class.

56. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

57. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court

8                                                          8

against corporate Defendants and in light of the large number of putative class members.

59. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

60. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

61. Due to Defendant's New York Labor Law violations, Plaintiff and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

62. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 61 above as if set forth fully and at length herein.

**CLASS ALLEGATIONS**

63. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

64. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former New York employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not

9                                    9

provided with the statement(s) required by NYLL 195(3).

65. The class includes but is not limited to employees who did not receive wage statements for each and all weeks during their employment, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

66. The class definition will be refined as is necessary, including after discovery if necessary.

67. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over hundreds or thousands of members of the class during the class period.

68. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

69. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiffs with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiffs and the putative class with the statement(s) required by NYLL 195(3).

70. Upon information and belief, the claims of the representative party are typical of the claims of the class.

71. The representative party will fairly and adequately protect the interests of the class.

72. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

10                          10

(a) whether Defendant failed to provide Plaintiffs with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiffs and the putative class with the statement(s) required by NYLL 195(3).

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiff lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant and in light of the large number of putative class members.

75. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

76. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiffs and the class members with the notice(s) required by NYLL 195(1) – Plaintiffs and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

77. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## **Relief Demanded**

78. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

79. Declare Defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, and enjoin Defendant from engaging in such violations.

80. As to the **First Cause of Action**, award Plaintiff and those similarly-situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

81. As to her **Second Cause of Action**, award Plaintiff and those similarly-situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

82. As to her **Third Cause of Action**, award of Plaintiffs and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

83. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

84. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      August 25, 2017

Abdul Hassan Law Group, PLLC

12              12

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000 - Email: abdul@abdulhassan.com

13