# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                              Tel: 718-740-1000
Email: abdul@abdulhassan.com                                           Fax: 718-740-2000
*Employment and Labor Lawyer*                                          Web: www.abdulhassan.com

February 27, 2018

**Via ECF**

Hon. James L. Cott, USMJ
United States District Court, SDNY
500 Pearl Street, Room 1360
New York, NY 10007
Tel: 212-805-0250
Fax: 212-805-7990

<u>**Re: Arcos v. Calvin Klein Inc.**</u>
    Case No.  17-CV-6510 (VSB)(JLC)
    Motion for Settlement Approval

Dear Magistrate Judge Cott:

     My firm represents plaintiff Sascha Arcos ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). To approve such a settlement, courts consider whether the settlement is "fair and reasonable." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.).  "[C]ourts generally recognize a 'strong presumption in favor of finding a settlement fair,' as they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'"  *Id*.

     Defendant Calvin Klein Inc. ("Defendant") and Plaintiff both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. A copy of the fully executed settlement agreement is attached hereto as Exhibit 1.

     The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff asserted class claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA) and New York Labor Law ("NYLL") and claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

1

In general, allegations are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Prior to the mediation, the parties exchanged information, including time records, and during the mediation itself, quite a bit of information was exchanged, especially with the parties themselves present. Assuming Plaintiff is entitled to overtime pay, Defendant's records purport to show that such overtime would amount to approximately $3,700. Once again Defendant denies overtime liability, including under the fluctuating work week wage payment method – the parties disagree as to the application of this method. (See 29 C.F.R. § 778.114). The wage claims were brought as class actions – Plaintiff settled on an individual basis before class certification.

The settlement was a result of a mediation conducted by Magistrate Judge James L. Cott. At the mediation, there was a comprehensive examination of the parties' positions, points, arguments, and information, until a settlement was reached with the assistance of the Court. The parties were able to settle this action as well as other employment claims that were not asserted in this action and which are covered by a separate settlement agreement.[1] A gross amount of $7,280 was allocated to the settlement of the FLSA claims. (See Ex. 1, ¶ 1-2). Under the settlement, Plaintiff is receiving $ 4,546.67 after a 1/3 contingency fee and reimbursement of $460 in costs. (Ex. 1 ¶ 1).

Under the settlement, Plaintiff's counsel will be receiving a 1/3 contingency fee ($2,273.33), plus reimbursement of $460 in costs. (Ex. 1 ¶ 2)[2]. Given the evolving nature of FLSA settlement approval jurisprudence since the relatively recent decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), Plaintiff's counsel will elaborate further on the issue of fees. First, *Cheeks* did not change FLSA fee jurisprudence – to the extent that the dictum in *Cheeks* about fees controls, *Cheeks* merely requires the Court to ensure that the

---

[1] The terms of that separate agreement were discussed at the January 26, 2018 Settlement Conference and are not subject to the approval requirements set forth in the *Cheeks* decision. *Ortiz v. Breadroll, LLC*, 2017 WL 2079787 at *2 (S.D.N.Y. May 15, 2017) (Cott, M.J.) (recognizing that parties may proceed with bifurcated settlements, in which a settlement of FLSA claims is submitted for court approval under *Cheeks*, and other claims that do not require *Cheeks* approval are resolved through a separate settlement agreement).

[2] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

fees are in accordance with FLSA fee jurisprudence. Second, *Cheeks* did not limit fees to a percentage of recovery because *Cheeks* said no such thing which would violate settled fee jurisprudence. *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336677 (S.D.N.Y. Sept. 15, 2011) ("There is no requirement that a fee award be proportional to the amount of recovery."). *Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery. Thus, the district court abused its discretion when it ignored the lodestar and calculated the attorneys' fees as a proportion of the damages awarded."). *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132 (2d Cir. 2008) (Second Circuit affirmed about $49,000 in fees under the FLSA where the damages and liquidated damages were about $1800).

Here, to the extent the dictum in *Cheeks* control, such dictum did not put a cap on attorney's fees – it merely required "adequate documentation to support such a fee award." *Cheeks*, 796 F.3d at 206 (2d Cir. 2015). While time records are one form of documentation, the retainer agreement constitutes controlling "documentation" under *Cheeks* as well as *Venegas*.

The Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990), stated in relevant part as follows:

> But neither Blanchard nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award that they may collect from losing opponents. Indeed, depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

In *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." Moreover, fee-jurisprudence under other fee-shifting statutes is applicable to the FLSA as well. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("The standards set forth in this opinion [construing § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). *Smith v. Nagai*, 2012 WL 2421740, 5 (S.D.N.Y., 2012) ("In determining the [FLSA fee] award, courts utilize the analytical framework for civil rights cases under 42 U.S.C. § 1988."). *Ayres v. 127 Restaurant Corp.*, 1999 WL 328348, at *1 (S.D.N.Y., 1999); ("the law on attorney's fees is no different in FLSA cases than it is in employment discrimination cases"), aff'd, 201 F.3d 430 (2d Cir.1999).

In other words, the fees an attorney is entitled under the FLSA is ultimately governed by the retainer agreement and can be greater than the fee the plaintiff is entitled to recover from the defendant under the fee-shifting provision of the FLSA. See i.e. *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY) (approving $4000 in damages and $55,000 in fees and costs under *Cheeks*); *Gutierrez v. Northpoint Medical Associates P.C. et al*, Case No. 16-cv-08920 (Judge Pauley – SDNY)( approving $8,567 in damages and $7,933 in hourly fees under *Cheeks*);*Cajamarca v. Sound Marine Construction & Salvage, Inc.et al*, 15-

3

cv-6667, ECF No. 23, 25 (LTS - SDNY)(hourly fee of $20,000); *Lopez v. 1710 Montgomery Realty Assoc., L.P. et al*, Case No.16-cv-06038, ECF No. 34 (Judge Gorenstein)(approving $20,000 in damages and hourly fee of $15,000 under *Cheeks*); *Francis v. Bowery Residents' Committee, Inc.*, 15-cv-07102, ECF No. 25 (RLE - SDNY) (approving $5,000 in damages and $10,500 in fees and costs under *Cheeks*);*Villarreal v. Salon Novella, Inc. et al*, Case No.16-cv-02380 (Magistrate-Judge Parker – SDNY)(approving $14,500 in damages and $10,000 in hourly fees under *Cheeks*); *Gomez v. Faux Creation Corp. et al*, Case No. 17-CV-04016 (Magistrate-Judge Parker - SDNY) (approving $14,000 in damages and $10,500 in hourly fees under *Cheeks*); *Caraballo v. 1195 Sherman Ave.*,15-cv-02325(WHP - SDNY), ECF No. 31 (approving $3000 in damages and $10,000 in fees and costs under *Cheeks*); *Precil v. U.S. Security Associates, Inc.* 15-cv- 8893, ECF No. 14 (PGG - SDNY) (approving $3780 in damages and $8720 in fees and costs under *Cheeks*); *Soler v. Mase Electric, Inc. et al*, 16-cv-1653(LMS - SDNY), (February 7, 2017 text only Order - approving $4500 in damages and $10,000 in fees and costs under Cheeks); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Bernard v. QPH Plumbing & Heating Inc.* 16-cv-4716, ECF No. 17 (ST - EDNY) (approving $2000 in damages and $9,000 in legal fees and costs under *Cheeks*); *Boodhoo v. Jet Way Security & Investigation LLC* 15-CV-1733- CBA-(RER – EDNY)(approving damages of $9,540 in damages and hourly fees of $15,000).

Here Plaintiff's counsel has agreed to take a reduced 1/3 fee in order to facilitate settlement, especially in the overall context including the settlement of Plaintiff's other claims. See i.e. *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000)*; Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*).

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** Defense Counsel via ECF