UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SASCHA ARCOS,
Individually, and on behalf of herself and
others similarly situated,

    Plaintiff,

v.                                  Case No. 17-cv-06510 (VSB) (JLC)

CALVIN KLEIN, INC.,

    Defendant.                /

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Claims (the "Settlement Agreement") is made by and between Plaintiff SASCHA ARCOS ("Arcos") and Defendant CALVIN KLEIN, INC. ("CKI" or "Defendant"). Arcos and Defendant collectively are referred to as the "Parties" in this Settlement Agreement.

### Recitals

On August 25, 2017, Arcos commenced a civil action against Defendant in the United States District Court for the Southern District of New York, Case No. 17-cv-06510 (VSB) (JLC) (the "Action") asserting claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (the "Action"). Arcos's attorney is Abdul Hassan of Abdul Hassan Law Group, PLLC. ("Arcos's Attorney").

Through this Settlement Agreement, the Parties seek to resolve, subject to the Court's approval, Arcos's claims under the FLSA. The Parties have entered into a separate agreement pursuant to which Arcos will release other claims and her employment will terminate.

The Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Arcos's claims. Arcos and Arcos's Attorney believe that the settlement provided in this Settlement Agreement is in the best interest of Arcos and represents a fair, reasonable, and adequate resolution of her FLSA claims in the Action.

Based on these recitals, the Parties agree as follows:

1.    <u>Payment to Plaintiff</u>. Within 15 business days after the Effective Date, as defined in Paragraph 7, CKI shall provide Arcos with a payment of $4,546.67 ("Gross Payment Amount") through issuance of two checks, as follows:

1

(a) One check made payable to Arcos in the gross amount of $2,273.34, less applicable withholdings and deductions, in full and final settlement of Arcos's claims for unpaid wages, liability for which CKI specifically disclaims; and

(b) A second check made payable to Arcos in the amount of $2,273.33, without withholdings or deductions, in full and final settlement of Arcos's claims for liquidated damages and interest, liability for which CKI specifically disclaims.

CKI will issue to Arcos an IRS Form W-2 in connection with the payment described in Paragraph 1(a). CKI will issue to Arcos an IRS Form 1099-MISC (Box 3), in connection with the payments described in Paragraphs 1(b) and 2. Arcos agrees that payment of the Gross Payment Amount shall not be considered as a payment of wages for any purpose except for tax purposes as described above with respect to the payment in Paragraph 1(a) and that payment of the Gross Payment Amount shall not affect or trigger any right or obligation under any benefit plan. It is understood and agreed by Arcos that she bears sole and complete responsibility for any and all federal, state, and local taxes, penalties, and interest upon the settlement sums paid to her or on her behalf pursuant to this Agreement. Arcos further agrees to fully indemnify and defend CKI and hold it harmless in the event any federal, state, or local taxing authority asserts against CKI any claim for penalties, interest, unpaid taxes, or failure to withhold taxes. Arcos acknowledges that neither CKI nor its agents, attorneys, or representatives have made any representations concerning taxability, non-taxability, or tax consequences, if any, of the settlement sums paid.

2. <u>Payment to Plaintiff's Attorneys</u>. Within 15 business days after the Effective Date, as defined in Paragraph 7, CKI shall provide Abdul Hassan Law Group, PLLC with a lump sum payment in the amount of $2,733.33 for attorneys' fees and costs. CKI will issue an IRS Form 1099-MISC (Box 14), to Abdul Hassan Law Group, PLLC in connection with such payment.

3. <u>Release of Claims</u>. Arcos releases and forever discharges CKI, and all of its parents, subsidiaries, or affiliated entities, and each of their officers, directors, shareholders, partners, joint venturers, employees, consultants, insurers, agents, predecessors, and successors ("Releasees") from any and all claims under the Fair Labor Standards Act ("FLSA") that Arcos has or may have to date based on acts, failures to act, or events that occurred on or before the date Arcos signs this Settlement Agreement. This release of FLSA claims includes, but is not limited to those FLSA claims asserted in the Action and all FLSA claims that arise out of or relate to the facts alleged in the Action.

4. <u>Non-Admission</u>. Arcos acknowledges that this Settlement Agreement does not constitute an admission by CKI or the other Releasees of any liability whatsoever, but results solely from the desire of the parties to expeditiously resolve disputed issues of law and fact, and that CKI and the other Releasees deny all allegations of violation of any law, statute, ordinance, regulation, common law, or contract.

5. <u>Dismissal with Prejudice</u>. By executing this Settlement Agreement, Arcos instructs Arcos's Attorney to take all steps necessary to obtain the dismissal with prejudice of the Action. As such, upon full execution of this Settlement Agreement, Arcos's Attorney and counsel for CKI will take all steps necessary to request the Court's approval of this Settlement Agreement

and entry of an Order dismissing the Action with prejudice. Arcos waives any and all rights to appeal from the entry of the Order of dismissal with prejudice.

6. Costs and Attorneys' Fees. Neither party to this Settlement Agreement nor any attorneys acting for, or purporting to act for, the parties to this Settlement Agreement may recover or seek to recover any amounts for fees, costs or disbursements from any other party except as expressly provided herein.

7. Effective Date. For all purposes, including the triggering of payments under Paragraphs 1 and 2 of this Settlement Agreement, the Effective Date of the Settlement Agreement shall be defined as the day after the last of the following events, each of which is a material condition of this Settlement Agreement, occur:  (a) the Parties fully execute this Settlement Agreement; (b) the Court approves the Settlement Agreement and dismisses the Action with Prejudice; and (c) the Parties fully execute a separate agreement pursuant to which Arcos's employment terminates and Arcos releases any other claims she may have or claim to have, and such separate agreement becomes effective in accordance with its terms.

8. Binding Agreement. This Settlement Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them.

10. Enforceability and Governing Law. The interpretation and application of the terms of this Settlement Agreement shall be governed and construed in accordance with the laws of New York State to the extent that Federal law does not govern.

11. Ownership of Claims. Arcos hereby warrants and represents that she owns all of her claims that are the subject of this Settlement Agreement, including any and all of her FLSA claims arising from the Action, and that Arcos has the sole and exclusive right to settle and compromise such claims.

12. Severability. If any provision of this Settlement Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Settlement Agreement will remain in full force and effect, except that if Paragraphs 3 or 6 of this Settlement Agreement is held to be void, voidable, unlawful or unenforceable, then Defendant, at its sole option, may rescind this Settlement Agreement and recover from Arcos the payments made under this Settlement Agreement.

13. *Counterparts.* This Settlement Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile or electronically scanned and transmitted signatures and copies are permitted and acceptable to both parties.

The Parties hereby execute this Settlement Agreement.

**AS TO ARCOS:**

_____     02/26/2018
SASCHA ARCOS                        DATE

**AS TO DEFENDANT:**

_____     _____
Calvin Klein, Inc.                  DATE
BY:
ITS:

4

13.     Counterparts. This Settlement Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile or electronically scanned and transmitted signatures and copies are permitted and acceptable to both parties.

The Parties hereby execute this Settlement Agreement.

**AS TO ARCOS:**


_____          _____
SASCHA ARCOS                                                                  DATE


**AS TO DEFENDANT:**

_____          _February 27, 2018_____
Calvin Klein, Inc.                                                              DATE
BY: Mark Fischer
ITS: Executive Vice President

4