```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/5/2018    
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
SASCHA ARCOS, *individually and on behalf of*   :
*all others similarly situated*,   :
:
                   Plaintiff,    :    **ORDER**
:
      -v-    :    17-CV-6510 (JLC)
:
CALVIN KLEIN, INC.,   :
:
                   Defendant.    :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 23) and have now submitted a joint letter (Dkt. No. 22) along with their proposed settlement agreement (Dkt. No. 22-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

      Having carefully reviewed the joint letter and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs)[1] appear to be fair and reasonable under the totality of the circumstances (and in light of the factors

---

[1] While the Court approves the allocation of attorneys' fees, this Order should not be cited in submissions to other courts to suggest that this Court has approved any particular hourly rate in this case.

enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).[2]

Accordingly, the settlement is hereby approved.

The Court will sign the Joint Stipulation of Dismissal with Prejudice (Dkt. No. 24-1) and file it on the docket forthwith.

**SO ORDERED.**

Dated: New York, New York
March 5, 2018

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] The parties have also settled employment claims which were not asserted in the complaint in this lawsuit, and which are not subject to the approval requirements set forth in the *Cheeks* decision. *See Ortiz v. Breadroll, LLC*, No. 16-CV-7998 (JLC), 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017) (recognizing that parties may proceed with bifurcated settlements, in which settlement of FLSA claims is submitted for court approval under *Cheeks*, and other claims that do not require *Cheeks* approval are resolved through separate settlement agreement).